[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 252 
The question principally discussed by the counsel for the appellant was, whether an action will lie to recover the possession of personal property, when it appears the defendant had parted with the possession of the property before the commencement of the action. The decision of that question is not necessary to the determination of the rights of the parties to this action, because it will be seen that the defendant's possession of the draft during all the time it remained with him was rightful, and in parting with and obtaining the money upon it he was pursuing the line of his duty. At no time was his possession of the draft unlawful or in hostility to the plaintiff, and in converting it into money he was in the plain and obvious execution of his trust as the agent and employee of the plaintiff. The relation between the parties rested in contract; for agency, under all the authorities, is a contract express or implied. Whatever responsibility attaches to the defendant, from his relation of agent, is upon the contract, and the plaintiff cannot, by changing the form of his action, change the nature of the defendant's obligation, and convert that into a tort which the law deems to be a simple breach of an agreement. The form of the plaintiff's action is ex delicto; and before he can recover he must show that the defendant committed a wrong, or, in other words, wrongfully withheld this draft from the true owner. Had the plaintiff *Page 253 
terminated the agency and demanded the draft while it was in the defendant's hands, and before he had negotiated it with the bank, his claim would have stood on very different grounds. But the right to sell implied the right to receive the price of the goods, and, in receiving the draft in payment and realizing the money upon it, the defendant did what was right and was in the exact performance of his duty. The plaintiff must therefore take his remedy for the money in form ex contractu, or not take it at all.
The judgment of the Superior Court should be affirmed.