Monell, J.
(dissenting.) In this case, a motion was made to dismiss the complaint, and the motion was denied. No ground, whatever, was stated for the motion. No request was made to charge the jury, and the attention of the judge, who presided at the trial, was not called to the alleged variance between the cause of action stated in the complaint, and the proofs offered to sustain it. It is too late to take the objection *44 for the first time in the appellate court. (Belknap v. Sealey, 14 N. Y. Rep. 143. Ward v. Forrest, 20 How. Pr. 465-477.)
Had the motion for a nonsuit proceeded upon the ground of variance, I think it would have heen within the power of the judge to have allowed an amendment of the pleading. If so, then we must now regard the variance as immaterial, the objection not having been taken at the trial.
Ho mere “variance” between the pleading and proof, can be deemed to be material, unless it shall actually have misled the adverse party. (Code, § 169.) This, however, is said not to be a case of variance, but a case of “ failure of proof.”
The plaintiffs allege, in their complaint, that they are commission merchants; that they received an order to purchase for the defendants a quantity of guns ; that they did purchase ninety-four guns, and shipped them to the defendants ; and they demand judgment for the value of the guns, shipping expenses and commissions. On the trial, it was proved that the guns were in part manufactured, and in part purchased, by the plaintiffs. The manufacture consisted 'in purchasing the different parts, and putting them together.
To the extent of the guns “purchased” by the plaintiffs, and shipped todhe defendants, there was not even a variance between the pleading and proof, and it is clear the plaintiffs were entitled to recover to that extent. It is, at least, doubtful whether the mere putting together of the different parts of a gun, which parts were all made by others, would .consti-’ tute the plaintiffs “ manufacturers ” of guns, in the sense that would deprive them of the right to commissions as commission merchants. But ’ even if they were manufacturers to some extent of the guns .in question, I yet see no reason why they should not be allowed to recover, under proper averments in their complaint, for the guns manufactured, as well as for those purchased.
To constitute a “ failure of proof,” the allegations in the complaint must be unproved, not in some particular, or particulars only, hut in its entire scope and meaning. (Code, § 171.)
*45 In Catlin v. Gunter, (11 N. Y. Rep. 368,) the evidence tended to prove an usurious agreement, which differed from the one in the answer in several particulars, hut not in its entire scope and meaning. Held to be immaterial.
In Walter v. Bennett, (16 N. Y. Rep. 250,) the action was to recover the possession of a draft alleged to have been wrongfully obtained from the plaintiff. The plaintiff failed to prove a conversion, and was nonsuited. It does not appear that any application was .made to the court to amend, and upon the facts the plaintiff was properly nonsuited. He should have brought an action ex contractu, instead of ex delicto.
In Saltus v. Genin, (3 Bosw. 250,) the decision was put on the ground that the cause of action alleged, and the one proved, would require different modes of trial; the one being an equity suit, which could be tried without a jury; the other being a common law action, in which the parties had the right of trial by jury.
In these cases, the cause of action, in its entire scope and meaning, was disproved, and there was nothing to amend by. Not so in the case before us. As we have seen, the plaintiffs could recover under the complaint, as it is for all the guns “ purchased.” What, then, is the scope and meaning of the allegations in the complaint P That the plaintiffs purchased and paid for ninety-four guns, which they shipped to the defendants. Proof that they purchased part, already put together, and that they purchased the different parts of others, and put them together, does not fall far short of proving that they purchased the whole ninety-four guns. At any rate, the allegation was not unproved in its entire scope and meaning. There was something to amend by, and if necessary, the pleading could have been amended.
The correct rule, in all cases of variance, as well as of failure of proof, is to require the objection to be distinctly taken at the trial, and to hold it to be too late, if taken for the first time, on the hearing of an appeal from the judgment.
I am inclined to so hold in this ease ; and, (even if the ob *46 jection. was well taken, which I think it is not,) to deprive the defendants of the right to object now.
But the objection is not well taken. The plaintiffs were entitled to judgment for the guns actually purchased, and, I think, also for those of which they purchased the parts, and then put together.
I think the exceptions should be overruled, and judgment entered upon the verdict.
Hew trial granted.