## WHITCOMB *vs.* HUNGERFORD.

To maintain an action for the conversion of property, the plaintiff must show that he was entitled at least to the possession, at the time of the alleged conversion.

A contract for the sale and purchase of a horse for $1000, one hundred dollars being paid down, and the balance to be paid in thirty days, the amount paid down to be forfeited in case of default, is an executory and not an executed contract. It does not transfer or convey the property and possession *in præsenti*, but the title remains in the vendor until the price is paid.

Even if such a contract were to be regarded as amounting to a conditional sale, it would not give the purchaser a right to maintain an action for the conversion of the horse before he had complied with the conditions. Until that has been done, the title does not vest in him.

A judge has no power to grant an amendment of the complaint, at the trial, changing the action from one *ex delicto* to an action *ex contractu.*

---
Whitcomb *v.* Hungerford.
---

A variance between the complaint and the proof, in such a case, is not one which can be disregarded, or amended, under the code, but is a failure to prove the alleged cause of action; not in some particulars only, but in its entire scope and meaning.

THIS is an appeal from a judgment entered on the decision of a single judge at the circuit, a trial by jury having been waived by the parties. The action was commenced in October, 1860, to recover $1000 damages for the wrongful conversion of personal property. The original complaint alleged a sale and delivery of a chestnut mare to the plaintiff, by the defendant, and a subsequent *tortious* conversion of the mare by him. The defendant answered, denying specifically the allegations in the complaint, and alleging title in himself. The cause proceeded under these pleadings to the end of the trial, 29th October, 1862. On the trial it was proved that some arrangement was entered into between the plaintiff and defendant, and was partially reduced to writing in a kind of receipt, as follows, viz:

"*New York, Sept.* 24, 1860.

This is to certify that I have this day received from V. Whitcomb $100, as part payment for a certain chestnut mare now in the hands of H. Woodruff. Said Whitcomb to pay $900 more in thirty days, or forfeit the amount paid, and the said Whitcomb agrees to pay the expenses from this date. (Signed) W. M. HUNGERFORD."

That this arrangement was made in the city of New York, at the stables, corner of Crosby and Prince streets. The mare was then at Hiram Woodruff's stable, on Long Island, where she had been taken by Hungerford, and where she remained at his charge, down to the time this suit was brought, Whitcomb exercising no acts of ownership over her. Before the expiration of the thirty days specified in the receipt already quoted, the mare was trotted by the defendant, and won in two matches; in a third, the owner of the opposing horse paid forfeit. After the testimony on both sides was

closed, the counsel for the defendant moved to dismiss the complaint: (1.) On the ground that the testimony adduced on the part of the plaintiff did not prove, or tend to prove, the cause of action alleged in the complaint. (2.) That the cause of action, if any, which the testimony tended to establish, was totally at variance with that alleged in the pleadings. And a like motion, specifying the same grounds, was also made upon the whole of the testimony. The justice reserved his decision until he should determine whether he would order the complaint to be amended, and having subsequently decided to allow the amendment, he denied the said motions, and the defendant's counsel duly excepted. The findings and decision of the court were made on the 31st October, 1862, two days after the trial, and an order allowing the complaint to be amended was incorporated therein. To such parts of the findings and decision as were deemed erroneous the defendant in due time excepted. The complaint as amended, appears in the judgment roll. Judgment was entered upon said decision and findings for the sum of $725.85, and the defendant brought this appeal.

*Truman Smith,* for the appellant. I. The justice erred in not dismissing the complaint. Under the arrangement between the parties the plaintiff had the right at any time within thirty days to become the owner of the mare, by paying her board, &c. and the additional sum of $900; the defendant was bound not to sell to any one else during that period. This is the whole of the contract: a mere refusal of the mare, for which Whitcomb agreed to pay $100, if he did not purchase. Until the sum of $900, and the board of the mare was paid, the title was in the defendant. Had she died during the thirty days, Mr. Whitcomb would not have been willing to assume the loss, and he could not have been compelled to do so. This is clear from the receipt itself. But it cannot be pretended that this receipt shows the whole of the arrangement; we have a right to go beyond it, and

show what that really was, by parol. From the testimony it is apparent that the title did not, and was not intended to pass to the plaintiff. (*Herring* v. *Hoppock*, 15 *N. Y. Rep.* 409. *Blanchard* v. *Child*, 1 *Gray*, 155. *Thomas* v. *Winter*, 12 *Ind. Rep.* 322. *Fleeman* v. *McKean*, 25 *Barb.* 474.)

II. Naturally, the next question for our consideration regards the power of the justice to make the order amending the complaint. · (1.) This, originally, and down to the termination of the trial, was an action *ex delicto*, brought to recover damages for this *tort*, viz : the wrongful taking and conversion to his own use, by Hungerford, of this mare, the property of Whitcomb. The plaintiff concedes, the proof shows, and the trial admits, that the mare was the property of the defendant, and that the taking and conversion complained of, was Hungerford's use of his own property. Two days after the trial the judge decides to order an amendment of the complaint, substituting a cause of action *ex contractu*, new in all its elements, and all its results, viz : a claim to recover damages for an alleged breach of a contract. On this new complaint, with the proof unchanged, with the original sworn answer of the defendant to an action for a *tort*, the justice proceeds to render judgment in favor of the plaintiff, *ex contractu*. This, it is submitted, could not legally be done by the judge of any court. The code allows amendments on the trial, or after judgment, "by inserting allegations material to the case, or when the amendment does not change substantially the claim or defense," and it also provides that, "where . . . the allegation of a cause of action . . . to which the proof is directed is unproved, . . . in its entire scope and meaning, it shall not be deemed a case of variance, . . . but a failure of proof." Here was confessedly an entire failure of proof. The court was bold enough to make a complete entire change in the cause of action which the parties came prepared to try, and did in fact try ; a course having no warrant in the practice of any court, inferior or superior, in any enactment of the legisla-

ture, in any decided case, or in the dictates of common sense. (*Code*, §§ 171, 173. *Hall* v. *Gould*, 3 *Kern.* 127. *Andrews* v. *Bond*, 16 *Barb.* 633, (642.) *Egert* v. *Wicker*, 10 *How. Pr. Rep.* 193. *Stearns* v. *Tappin*, 5 *Duer*, 294. *Russell* v. *Conn*, 20 *N. Y. Rep.* 81. *Lane* v. *Beam*, 1 *Abb. Pr.* 65. *S. C.* 19 *Barb.* 51. *Daguerre* v. *Orser*, 3 *Abb. Pr. Rep.* 86. *Waldheim* v. *Sichel*, 1 *Hilton*, 45. *Van Santvoord's Pl.* 814 *et seq.* *Ransom* v. *Wetmore*, 39 *Barb.* 104. *Walter* v. *Bennett*, 16 *N. Y. Rep.* 250.) (2.) Many considerations present themselves to any lawyer showing the absurdity as well as illegality of the course adopted on this trial. I mention but four—*First.* If this is allowable, written pleadings should at once be dispensed with, as they only serve to mislead and confound the parties. Either party can put any claim or defense upon the record, and come into court and try any other; he can sue for an assault and battery, and recover on a promissory note. A case cannot be supposed whereof an amendment of the complaint after trial would not be allowable. *Second.* We have a case of judgment for failure to answer, or if the judge elects, a case of perjury on the part of the defendant. Here the answer stands, and the defendant is made to deny, under oath in his pleading, a state of facts which in some important respects, he proves on the trial, by his own oath, and that of his own witnesses, to be true. *Third.* An equally glaring error lies in the fact that the judge, in granting this amendment, and ordering this judgment, has cut the defendant off from all answer or defense. Argument is not required to render this error apparent. If the judge was right, judicial trials are a farce. The code says, § 282: "A trial is a judicial examination of the issues between the parties." Here are no issues, and no proofs, so far as any one is advised, on the part of the defense. If this judgment stands, can it be said there has been a trial? *Fourth.* Nor is it apparent upon what the learned judge founds his conclusion "that the whole merits of the controversy between the parties have been presented and

tried in this action." On the contrary, we say that does not appear, and the burden of showing that is with the plaintiff. The question of title has been tried in this case, and that is all. Can it be presumed that under the answer to the amended complaint the defendant could not, and would not have made a different case? This case is a complete vindication of the observation of Daly, F. J. in *Waldheim* v. *Sichel,* (1 *Hilton,* 45,) that the adoption of such a practice " would be followed by the grossest abuses."

III. But assuming *argumenti causa,* that the judge had a right to order the amendment, we deny that the proofs warrant the judgment. The judge has proceeded upon the idea that the defendant entered into a contract not to use or employ the mare in any way during the period of thirty days, and that any use of her during that period gave the plaintiff a right of action against the defendant. He then found that the trotting of the mare gave that right. This view is not sustained by any thing in the case. Under the agreement, Hungerford had a perfect right to use the mare. If her market value was actually reduced by such use, the plaintiff might possibly, under certain circumstances, recover back the $100. This, however, I do not admit. But, to sustain the action, he would at least be obliged to prove: (1.) A valid, legal ground for declining to tender the $900, and take the mare. He has not shown that in this case. The evidence on this point shows a mere capricious rejection. He did not want a horse that had been in a match. The proof shows that the mare was not injured in any way by her trots, but, on the contrary, that her value was increased. (2.) He must show a notice of his election not to consummate the bargain, which does not very clearly appear in this case. The plaintiff, to secure the mare, must tender the price and pay the charges against her. (3.) A demand on Hungerford for the money before suit brought; and of this there is not the slightest evidence. (*Ray* v. *Thompson,*

Whitcomb *v.* Hungerford.

12 *Cush.* 281.    *Frost* v. *Clarkson*, 7 *Cowen*, 24.    *Weston* v.
*Barker*, 12 *John.* 276.    *Towers* v. *Barrett*, 1 *T. R.* 138.)

IV. The plaintiff represented to the defendant that Wood-
ruff was jointly interested with him in the purchase of the
mare. The defendant assumed that to be true, and acted
upon it, obtaining the consent of one of the joint owners,
Woodruff, to the matches. It is now too late for Whitcomb
to deny this, and avail himself of this use of the mare to
sustain any action. The assent of Woodruff, under the cir-
cumstances, is a full protection to the defendant.

*R. M. Harrington*, for the respondent. I. At common
law and by the statute, amendments were in all cases in
the discretion of the courts, for the furtherance of justice.
(3 *Caines*, 44, *note.* 4 *id.* 455. 2 *R. S.* 42, 44, §§ 1, 4.)

II. When there is a defect, imperfection or omission in any
pleading, whether in substance or in form, and the issue joined
be such as necessarily required on the trial, proof of the facts so
defectively or imperfectly stated, and without which it is not
to be presumed that either the judge would direct the jury
to give a verdict, or the jury would have given it, such de-
fect is cured by the verdict. (11 *Wend.* 374. 5 *B. &
Ald.* 27.)

III. After a verdict shall have been rendered in any cause,
the judgment shall not be stayed, or reversed or impaired
"for omitting any allegation or averment of any matter,
without proving which, the jury should not have given such
verdict." (2 *R. S.* 424, § 4, *subd.* 9. 6 *Wend.* 506. 11
*John.* 141. 6 *Cowen*, 225. 9 *id.* 194.)

IV. Full power and authority was given to the court on
the trial to make the amendment it did, by § 173 of the code,
"by inserting other allegations material to the case," * * *
and "by conforming the pleading or proceeding to the facts
proved." The code has not repealed the statutes of jeofails
and amendments of the revised statutes. The amendments
allowed by the code are to be considered as further powers of

amendment conferred upon the courts. (*Brown* v. *Babcock,*
3 *How. Pr. R.* 305. *Dows* v. *Green,* 3 *How.* 390.) The court,
in its discretion, has an extraordinary power, even after judg-
ment, to allow a pleading to be amended, by inserting new
allegations, material to the case. (*Field* v. *Hawxhurst,*
9 *How.* 75.) The granting or denial of a motion upon the
trial so to amend, rests in the discretion of the judge, and
his decision, therefore, is not a proper subject of exception.
It cannot be reviewed in an appellate court. (*N. Y. Marbled
Iron Works* v. *Smith,* 4 *Duer,* 362.) An amendment of the
complaint, *though it change the cause of action,* will be
allowed if the *claim* remains the same. The cause of action
is the statement of the facts upon which the party founds his
claim for relief. The "*claim*" is the particular relief sought.
(*Chapman* v. *Webb,* 6 *How.* 390. *Lane* v. *Beam,* 1 *Abb.* 65.
*Miller* v. *Garling,* 12 *How.* 203. *Hagins* v. *DeHart, Id.*
322. *Hall* v. *Gould,* 3 *Kern.* 127. *Corning* v. *Corning,*
2 *Seld.* 97. *Fox* v. *Hunt,* 8 *How.* 12. *Bate* v. *Graham,*
1 *Kern.* 237. *Clark* v. *Dales,* 20 *Barb.* 42. *McComber* v.
*Granite Iron Co.,* 15 *N. Y. Rep.* 495. *Lake Ontario R. R.
Co.* v. *Marvine,* 18 *id.* 585. *Russell* v. *Conn,* 20 *id.* 81.
*Pratt* v. *Hudson River R. R.,* 21 *id.* 305. *N. Y. Ice Co.*
v. *North Western Ins. Co.,* 23 *id.* 357.)

CLERKE, J. I. The original complaint alleges the con-
version of the mare, by the defendant, and demands damages
"by reason thereof." This, therefore, is an action *ex delicto;*
and, in order to sustain it, it was necessary to show, by the
contract, that the plaintiff was entitled to the possession, at
the time of the alleged conversion. The contract, however,
is clearly a contract to sell and give possession to the plaintiff
at a future day, on the payment of $900. In short, it is an
executory and not an executed contract. It does not transfer
or convey the property and possession *in præsenti,* but in
effect promises to do so on the happening of a future event,
at a specified time. This is too plain to require any reference

to authorities, which are innumerable. One will suffice. (*Joyce* v. *Adams*, 4 *Seld.* 291.) The plaintiff in this case was to forfeit the $100 paid as a deposit if he should not within thirty days pay the remaining $900, and of course to have no claim to the mare. Even if we regard this contract as amounting to a conditional sale, it would not give the plaintiff a right to maintain an action for her conversion. The title does not vest in the purchaser until the conditions are complied with. (*Van Buskirk* v. *Purinton*, 2 *Hall*, 561.)

The provision in the contract that Whitcomb was to pay the expenses of keeping the mare while in the possession of Woodruff, makes no difference. This was a part of the terms or consideration of the sale; one of the conditions which the plaintiff was to perform, before the title could pass to him. Even if he was allowed by the contract to take the mare into his own possession, and keep her in his own stable, it may well be doubted whether, under the conditions of this contract, this would be deemed an absolute sale.

On the evidence, therefore, the action for damages for conversion could not be maintained. Without a right at least to the possession of a thing, this kind of action is not maintainable.

II. Had the justice, at the trial, the power to grant an amendment of the complaint changing the action from one *ex delicto* to an action *ex contractu?* It is not necessary to dwell upon the hardship to the defendant of allowing the plaintiff to do this after the trial under the original complaint was completed, and the case reserved for a decision, without giving the defendant an opportunity of a defense under the new aspect of the case; for it is certain that the justice had no power whatever to grant the amendment, under such circumstances. An amendment which will change the form and nature of the action from tort to assumpsit cannot be granted, after the whole case is finished. (*Ransom* v. *Wetmore*, 39 *Barb.* 104.) I do not think, indeed, that the amendment would have been allowable at any stage of the trial. As

in *Walter* v. *Bennett*, (16 *N. Y. Rep.* 250,) the variance was not one which could be disregarded, or amended, under the code of procedure, but is a failure to prove the alleged cause of action, not in some particulars only, but in its entire scope and meaning.

The judgment should be reversed and the complaint dismissed, with costs.

LEONARD, P. J.    The case in 16 *New York Reports*, page 250, is conclusive against the power of the judge to grant the amendment which he did.    There must be a new taial, I think.    We have not the authority to dismiss the complaint. (*Code*, § 330.)    The judgment should be reversed, and a new trial ordered, with costs to abide the event.

GEO. G. BARNARD, J. concurred.

Judgment reversed.

[NEW YORK GENERAL TERM, May 2, 1864.    *Leonard, Clerke* and *George G. Barnard*, Justices.