FRANCIS H. BEARD AND ANOTHER, RESPONDENTS, v. LORENZO YATES, APPELLANT.

*Complaint — allegation of cause of action ex contractu — proof at trial must correspond with.*

The complaint in this action set forth a grant of an easement of using all the water flowing from a pond which might be necessary to propel a grist mill; covenants in respect thereto by the grantor, and breaches of such covenants on the part of the defendant, who had acquired the title of the grantor; and asked for a judgment for $1,000. At the trial plaintiff failed to prove that any covenants were made by his grantor, but was allowed to recover for a tortious interference by the defendant with his rights. *Held*, that the complaint set forth a cause of action *ex contractu*, and that a recovery for a tort could not be sustained. There was not a variance only, but an entire failure of proof.
*Conaughty* v. *Nichols* (42 N. Y., 83) and *Ledwich* v. *McKim* (53 id., 307) distinguished.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury. The facts are stated in the opinion.

*D. H. Bolles*, for the appellant.

*S. S. Spring*, for the respondents.

GILBERT, J. :

The cause of action set forth in the complaint, is evidently one upon contract. It avers a grant of a privilege or easement of using all the water flowing from a mill-pond, which is necessary to propel a grist mill; covenants in respect thereto by the grantor, and breaches of such covenants by the defendant, who acquired the title of the grantor in the mill-pond, and thus became bound to perform the covenants. No one, reading the complaint, could reasonably infer that the pleader intended to set forth a cause of action, arising out of a

tortious violation of the rights of the plaintiff. It is true, that, striking out the averments respecting the covenants, there would remain the allegations of the grant to the plaintiff, and the same allegation which is set forth as a breach of the covenant, namely, that the defendant had obstructed the rights thereby granted. But there is no allegation that the acts imputed to the defendant, were wrongfully or intentionally done, or that he knew that they were not a proper exercise of his own right to take water from the pond. We do not say that it is necessary, in framing a complaint in an action of tort, to use epithets; but when we are called upon to determine the real nature of a complaint, which, the pleader contends, sets forth a cause of action as well in tort as in contract, the absence of them may well be regarded, in construing the pleading. The only construction we can give the complaint, is, that it sets forth a cause of action upon contract, and that it does not fairly set forth one in tort.

Upon the trial no covenants were proved, but the plaintiffs were permitted to recover upon the liability of the defendant at common law, for a tortious injury of the plaintiffs' easement, and the defendant duly excepted. We think the ruling of the learned justice at the circuit was erroneous, for the reason that there was not a variance only, within sections 169 and 170, but a failure of proof according to section 171 of the Code. The cases of *Walter* v. *Bennett,*[*] *Lewis* v. *Mott,*[†] *De Graw* v. *Elmore,*[‡] seem to us to be decisive on this point. Nor are the cases, *Conaughty* v. *Nichols,*[§] and *Ledwich* v. *McKim,*[‖] in conflict with these cases. The principle deducible from all of them, is, that the presence of allegations in the complaint, which are irrelevant to the case really made thereby, will not have the effect to change the action from one upon contract to one in tort, or *vice versa*, but that the case really set forth by the plaintiff in his complaint, cannot be changed upon the trial into one of a different nature. Such a principle is obviously necessary to the due administration of justice. While a party is not to be turned out of court because his pleading contains unnecessary averments, when it does fairly apprise his adversary of the claim made against him, yet he is to be held to a trial of the cause of

[*] 16 N. Y., 250.   [†] 36 id., 395.   [‡] 50 id., 1.   [§] 42 id., 83.   [‖] 53 id., 307.

action, actually set forth. And when a party sets forth a good cause of action upon contract, and avers and proves additional facts which render the defendant liable for a tort arising from the same cause of action, there is perhaps no hardship in allowing a recovery upon the contract, for a plaintiff may, in general, waive a tort and sue in assumpsit, and the defendant cannot be prejudiced by a recovery in the milder form. But there would be manifest hardship in allowing a recovery for a tort, in an action *ex contractu*, because such a recovery might subject the defendant to an imprisonment of his person. However that may be, we think the salutary rule, that a plaintiff must recover, if at all, according to his allegations as well as his proofs, has not been abolished by the Code.

For these reasons, the judgment must be reversed, and a new trial granted, with costs to abide the event.

Judgment reversed and new trial granted, costs to abide event.