## BEARD v. YATES.

*Pleading — construction of — action on contract — Variance — recovery in tort not allowed in action on contract.*

The complaint set up that defendant's grantor covenanted to use for operating his saw-mill only the surplus water after plaintiff's grist-mill had been supplied, and to keep tight gates to the saw-mill conduit to prevent leakage; that defendant diverted the water for the purpose of operating the saw-mill or some other purpose, so that there was not enough water to operate the grist-mill; that defendant did not keep tight gates, and that defendant raised the dam, thereby raising the water so as to injure the plaintiff's grist-mill and lands. There was no imputation that the acts were wrongfully or intentionally done. *Held,* that a cause of action upon contract, and not one in tort, was set forth.

Where the complaint set forth certain acts as a breach of covenant and the covenant was not proved — *Held,* that plaintiff could not recover upon the liability of defendant at common law for tortious injuries to plaintiff's property. Where an action is brought on contract plaintiff cannot recover in tort.

APPEAL by defendant from a judgment in favor of plaintiff, entered upon the verdict of a jury.

The action was brought in Cattaraugus county by Francis H. Beard and another against Lorenzo Yates to recover damages for the diversion of water from plaintiff's grist-mill and other alleged injuries to plaintiff's property. The complaint alleged the conveyance by one Thomas of certain lands, through which ran a certain stream, to one Dedrick, who conveyed the same to plaintiff. It further stated that "although the said Thomas then owned a saw-mill

Beard v. Yates.

which was located upon other lands then owned by said Thomas and immediately adjacent to the lands so conveyed to said Dedrick, the said Thomas did in and by said deed of conveyance covenant for himself, his heirs and assigns, that he or they would not for all time use any of the water so running in said creek to operate or propel said saw-mill, or for any other purpose, except the surplus water after the said grist-mill had been fully supplied with water to propel and operate the same to its full capacity. And the said Thomas did therein further covenant as aforesaid that in conducting the water from the pond to the said saw-mill that he, as well as his heirs and assigns, would conduct the same without wasting any water, and that he and they would always keep and maintain, at the point of the dam where he or they conducted the same to the said saw-mill, tight, substantial and proper gates so as to prevent any leakage or wasting of the water in said pond."

After setting forth that defendant had acquired the title of Thomas to the saw-mill, it is stated that "The said defendant has been in the constant habit and practice of diverting and drawing out the water from the said grist-mill pond for the purpose of operating his saw-mill, or for some other purpose, so that there would not be water enough in the pond to enable the occupants of the grist-mill, as aforesaid, to propel and operate said grist-mill to its full capacity, and during very much of said period of time were wholly unable to operate the grist-mill at all in consequence of the defendants using the water as aforesaid." The complaint also alleged that defendant covenanted to keep the covenants of Thomas in the conveyance to Dedrick, and that defendant has been in the habit and practice of unduly increasing the height of the dam "so as to raise the water in the pond to such an improper height as to prevent the occupants of said grist-mill from operating the same." Other material facts appear in the opinion. The case on a former appeal is reported 1 N. Y. Sup. Addenda, 21.

*D. H. Bolles*, for appellant.

*S. S. Spring*, for respondent. As to the form of the complaint cited *Ledwich* v. *McKim*, 53 N. Y. 307; Chitty on Pl. (14th ed.) 228. Upon the question of variance, *Connaughty* v. *Nichols*, 42 N. Y. 83.

GILBERT, J.    The cause of action set forth in the complaint is evidently one upon contract. It avers a grant of a privilege or easement of using all the water flowing from a mill-pond which is necessary to propel a grist-mill, covenants in respect thereto by the grantor, and breaches of such covenants by the defendant who acquired the title of the grantor in the mill-pond, and thus became bound to perform the covenants.

No one reading the complaint could reasonably infer that the pleader intended to set forth a cause of action arising out of a tortious violation of the rights of the plaintiff. It is true that, striking out the averment respecting the covenants, there would remain the allegation of the grant to the plaintiff, and the same allegation which is set forth as a breach of the covenant, namely, that the defendant had obstructed the rights thereby granted. But there is no allegation that the acts imputed to the defendant were wrongfully or intentionally done, or that he knew that they were not a proper exercise of his own right to take water from the pond. We do not say that it is necessary in framing a complaint in an action of tort to use epithets; but when we are called upon to determine the real nature of a complaint, which the pleader contends sets forth a cause of action, as well in tort as in contract, the absence of them may well be regarded in construing the pleading. The only construction we can give the complaint is that it sets forth a cause of action upon contract and that it does not fairly set forth one in tort.

Upon the trial no covenants were proved, but the plaintiffs were permitted to recover upon the liability of the defendant at common law for a tortious injury of the plaintiff's easement; and the defendant duly excepted. We think the ruling of the learned justice at the circuit was erroneous, for the reason that there was not a variance only within sections 169 and 170 of the Code, but a failure of proof according to section 171 of the Code. The cases of *Walter* v. *Bennett* 16 N. Y. 250; *Lewis* v. *Mott*, 36 id. 395 ; *Degraw* v. *Elmore*, 50 id. 1, seem to us to be decisive on this point. Nor are the cases of *Connaughty* v. *Nichols*, 42 N. Y. 83, and *Ledwich* v. *McKim*, 53 id. 307, in conflict with these cases. The principle deducible from all of them is that the presence of allegations in the complaint which are irrelevant to the case, really made thereby, will not have the effect to change the action from one upon contract to one in

tort, or *vice versa ;* but that the case really set forth by the plaintiff, in his complaint, cannot be changed upon the trial into one of a different nature. Such a principle is obviously necessary to the due administration of justice. While a party is not to be turned out of court because his pleading contains unnecessary averments when it does fairly apprise his adversary of the claim made against him, yet he is to be held to a trial of the cause of action actually set forth ; and when a party sets forth a good cause of action upon contract, and avers and proves additional facts, which render the defendant liable for a tort arising from the same cause of action, there is, perhaps, no hardship in allowing a recovery upon the contract, for a plaintiff may in general waive a tort and sue in assumpsit, and the defendant cannot be prejudiced by a recovery in the milder form. But there would be manifest hardship in allowing a recovery for a tort in an action *ex contractu,* for the reason that such a recovery might subject the defendant to an imprisonment of his person. However that may be, we think the salutary rule that a plaintiff must recover, if at all, according to his allegations as well as his proofs has not been abolished by the Code

For these reasons the judgment must be reversed and a new trial granted with costs to abide the event.

*Judgment reversed and new trial ordered.*