# NEW YORK COMMON PLEAS.

## FELLOWS agt. COOK.

*Motion to vacate order of arrest — action upon judgment rendered for debt in another state.*

In an action upon contract between principals and agent and judgment rendered for debt against the agent in another state, the plaintiffs are entitled to an order of arrest against the defendant where the moneys, for which the action was brought, were received by him in a fiduciary capacity in an action brought here upon their judgment.

*Special Term, August,* 1875.

THIS was a motion to vacate an order of arrest against the defendant, argued in this court. The facts appear in full in the following opinion.

J. F. DALY, *J.* — The defendant was the agent of John T. Seymour & Co. for the purpose of making collections of debts due the firm. On October 15th, 1874, the firm made a general assignment for the benefit of creditors. The defendant afterward, with knowledge of such assignment (as it is alleged), and without authority from the assignees, made collections amounting to over $700, from debtors of the assignors, and refused, on demand of the assignees, to pay over to them the moneys so collected. The assignees, then plaintiffs, recovered a judgment by default against defendant, in action of debt, for the amount of such collections, in the circuit court, Essex county, New Jersey, on May 8th, 1875. This action is brought upon such judgment, and an order of arrest granted against the defendant. The plaintiffs, by obtaining judgment against the defendant for debt, would

Fellows agt. Cook.

seem to have treated him as their agent, and to have ratified his act in making the collections. They were entitled to an order of arrest against him, on the ground that the moneys were received by him in a fiduciary capacity, in an action brought upon their judgment (*Atherton* agt. *Dalley*, 20 *How. Pr. R.*, 311). The form of the action in New Jersey was the proper one if plaintiffs elected to treat defendant as their agent in making collections; their action was upon contract (*Walter* agt. *Bennett*, 16 *N. Y.*, 250), and the Code, in an action upon such a contract, between principal and agent, authorizes the arrest of the agent (*Code*, *sec.* 179, *sub-sec.* 2). The cause of action in New Jersey was upon contract, the same as in this case, upon the judgment obtained in that state. There was no waiver of remedies by suing defendant upon the contract to pay over the moneys he had collected; and the question of election of remedies does not apply.

Motion denied, with ten dollars costs.