(23 Misc. Rep. 151.)

### STARR et al. v. SILVERMAN.

(Supreme Court, Appellate Term.   March 28, 1898.)

CONVERSION—SUFFICIENCY OF EVIDENCE.

Defendant guarantied to plaintiffs a certain sum for tobacco purchased or to be purchased from them by one G. Thereafter the parties agreed, with a view of paying G.'s indebtedness, that G. should deliver a specified quantity of cigarettes to defendant, and that the latter should pay a certain portion of the purchase price thereof to plaintiffs, instead of to G. In an action for the conversion of such portion by defendant, based upon his refusal to pay the same as agreed, *held*, that the agreement was simply to pay a certain sum upon the delivery of goods, and that an action for conversion would not lie.

Appeal from Fourth district court.

Action by Robert Starr and another against Harris Silverman. From a judgment in favor of plaintiffs for $150 and costs, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

George H. Epstein, for appellant.

Jacob Rieger for respondents.

GIEGERICH, J. This action was brought for the conversion of $150 under the circumstances hereafter detailed. The answer was a general denial, and a counterclaim for $485 was interposed. On January 30, 1897, the defendant signed a paper writing whereby he guarantied the payment to the plaintiffs of the sum of $300 for tobacco purchased, or to be purchased, from them by one Henry Goldman. Thereafter, and with a view of paying the indebtedness of Goldman, the parties litigant agreed that Goldman should deliver to the defendant 150,000 cigarettes at the rate of $4.55 per 1,000, $2.55 of which was to be paid to Goldman and $2 to the plaintiffs; it being agreed that the said sum of $2 on each 1,000 cigarettes be deducted from the said purchase price in order to liquidate such indebtedness. There is a conflict of testimony upon the question whether or not the $2 on each 1,000 cigarettes was to be paid upon the delivery of all or part of the goods; and there was likewise a conflict respecting the alleged tender by the plaintiffs to the defendant of 78,000 cigarettes which Goldman had delivered to the former, by reason of the defendant's failure to pay the agreed price thereof. Pursuant to the said

50 N.Y.S.—42

understanding, Goldman delivered to the defendant 75,000 cigarettes, for which he was paid at the rate of $2.55 per 1,000; the defendant neglecting and refusing, however, to pay plaintiffs the $2 on each 1,000 cigarettes, amounting to $150, for the recovery of which sum the plaintiffs have brought this action. Assuming from the judgment that the justice found that the said sum of $2 was payable on each 1,000 cigarettes when delivered, I fail to perceive how the refusal to pay the same affords the plaintiffs the right to maintain an action for conversion. The agreement did not constitute the defendant the agent of the plaintiffs in respect to the $2 so to be paid on each 1,000 cigarettes, nor did it create a fiduciary relation on the part of the former towards the latter. It was, to my mind, simply an agreement to pay a certain sum upon the delivery of goods; the remedy for nonpayment of which being in form ex contractu, and not ex delicto. The action having been brought for a conversion, it was not sustained by mere proof of a contract and its breach. Walter v. Bennet, 16 N. Y. 250; Whitcomb v. Hungerford, 42 Barb. 177; Abb. Tr. Ev. p. 626. And hence the exception noted to the refusal of the justice to dismiss the complaint was well taken. In my opinion, the justice also erred in excluding questions put to the plaintiff Nathan Starr, on cross-examination, with a view of ascertaining the amount due plaintiffs from Goldman on the guaranty when the arrangement for the delivery of the 150,000 cigarettes was made.

For these reasons, to my mind, the judgment should be reversed, and a new trial ordered in the municipal court, borough of Manhattan, Fourth district, with costs to the appellant to abide the event. All concur.