(23 Misc. Rep. 338.)

### WRIGHT et al. v. DUFFIE.

(Supreme Court, Appellate Term. April 27, 1898.)

1. ACTION ON CONTRACT.
   Where an agent is authorized to sell property and collect the proceeds, and refuses to pay over such proceeds, an action to hold him upon this liability is an ordinary action on contract, and not one for a conversion.

2. EXECUTION AGAINST THE PERSON.
   In such an action, where a recovery is had, the plaintiff may also, under Consol. Act, § 1394 (Code Civ. Proc. § 2895), have an execution against the

person, provided an order of arrest shall have been previously obtained and executed, but not otherwise.

Appeal from Eighth district court.

Action by William H. Wright and another against Edward Duffie. From a judgment of the district court, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Sanders & Gray, for appellant.

George W. Gibbons, for respondents.

BEEKMAN, P. J. The plaintiffs have sued the defendant for conversion, and judgment has been awarded in their favor against him for the full amount claimed. A judgment in such a case carries with it the right to an execution against the body, and the trial justice has accordingly stated in the judgment, as he was required to do in such a case by section 1386 of the New York City Consolidation Act, that an execution against the body of the defendant is allowed. As no previous order of arrest had been obtained and executed, it is thus manifest that the judgment was placed upon the ground that a case of conversion had been made out, for upon no other theory of the defendant's liability could a body execution issue where a prior order of arrest had not been obtained. Section 1394,* N. Y. City Consol. Act, and section 2895, Code Civ. Proc. In view of the serious consequences attending the recovery of a judgment on this ground, the plaintiffs must be held strictly to their pleadings; and, unless a case of conversion has been made out, the judgment must be reversed, although the proofs may show that the defendant is liable for the amount sued for on some other theory. We are of the opinion that, upon the conceded facts of the case, there was no conversion. The defendant was under an arrangement with the plaintiffs by which he received from them certain goods from time to time, which he was authorized to sell for their account to customers of his own finding. He had authority, also, to collect the proceeds of such sales, for which it was his duty to account to the plaintiffs. His compensation was measured by a certain percentage of the profits which accrued from the sales so made by him. The relation of the defendant to the plaintiffs was a fiduciary one, and his failure to account for the money was a violation of a duty arising out of that relation. It was not a conversion of the proceeds. In the case of Laverty v. Snethen, 68 N. Y. 522, the court says:

"The question as to when an agent is liable in trover for conversion is sometimes difficult. The more usual liability of an agent to the principal is an action of assumpsit, or what was formerly termed an 'action on the case,' for neglect or misconduct; but there are cases when trover is the proper remedy."

It has been held that where an agent is authorized to sell property and collect the proceeds, and refuses or neglects to pay over such proceeds, "an action to hold him upon this liability is an ordinary action on contract," and not one for a conversion. Walter v. Bennett, 16 N. Y. 250; Conaughty v. Nochols, 42 N. Y. 83; Greentree v. Rosenstock, 61 N. Y. 583. Such, we think, was the form of action which the plaintiffs should have resorted to upon the facts presented by the

record.    In such a case, where a recovery is had, the plaintiff may also have an execution against the person, provided an order of arrest shall have been previously obtained and executed. Section 1394,* N. Y. City Consol. Act, and section 2895, Code Civ. Proc.

It follows from what has been said that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.    All concur.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.