(23 Misc. Rep. 472.)

## KRESS v. WOEHRLE.

(Supreme Court, Appellate Term.   May, 1898.)

1. JUDGMENT—CONFORMITY TO PLEADINGS.
    In an action for moneys obtained from plaintiff by fraud, it is error, on finding no fraud shown, to give judgment as for moneys loaned.
2. FRAUD—WHAT CONSTITUTES.
    An allegation of fraud in contracting a liability is not sustained by proof of a contract and its breach.

Appeal from the Seventh district court.

Action by John Kress against Christian Woehrle. There was a judgment for plaintiff, and he appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and GILDER-SLEEVE, JJ.

M. S. Adler, for appellant.

Julius Henry Cohen, for respondent.

GIEGERICH, J.   The plaintiff sued for the recovery of moneys alleged to have been obtained from him by the defendant by fraudulent representations. The justice decided that no fraud was shown, and gave judgment in favor of plaintiff for the amount claimed "for moneys loaned." This was error. If the justice did not believe, as is obvious, that a fraud had been committed, it was his duty to dismiss the complaint, or, upon a conflict of the evidence, to render a judgment in favor of the defendant, and not give judgment for the plaintiff for the sum obtained ex contractu. The form of the plaintiff's action being ex delicto, it was incumbent upon him to establish the fact that the defendant was guilty of fraud in contracting or incurring the liability, and his allegations were not sustained by the mere proof of a contract and its breach. Walter v. Bennett, 16 N. Y. 250; Ross v. Mather, 51 N. Y. 108; Truesdell v. Bourke, 145 N. Y. 612, 40 N. E. 83; Kley v. Healy, 9 Misc. Rep. 93, 29 N. Y. Supp. 3; Smith v. Smith, 4 App. Div. 227, 38 N. Y. Supp. 551; Starr v. Silverman, 23 Misc. Rep. 151, 50 N. Y. Supp. 657; Wright v. Duffie, 23 Misc. Rep. 338, 51 N. Y. Supp. 255, and citations. The judgment cannot stand in any event, because it is not secundum allegata et probata. Fuld v. Kahn, 4 Misc. Rep. 600, 24 N. Y. Supp. 558; Owens v. Flynn, 7 Misc. Rep. 171, 27 N. Y. Supp. 336; Kley v. Healy, supra. The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. Judgment reversed, and new trial ordered, with costs to appellant to abide event.   All concur.