THE THOMAS MANUFACTURING COMPANY, Appellant, *v.* TRACY M.
SYMONDS and WILSON DARLING, Respondents.

*Conversion — when a complaint states a cause of action for the conversion of goods
delivered subject to the retention of title by the vendor, the vendee having authority
to sell them — a sale by the vendee, under the conditions of the delivery, need not be
negatived.*

A complaint in an action, in substance, alleged that the defendants received
from the plaintiff certain bicycles under an agreement that the title to and the
ownership of the same should remain in the plaintiff until they were fully paid
for; that in case the defendants sold any of them the proceeds of the sale
should be the absolute property of the plaintiff; that a price was agreed upon,
and that all the bicycles were to be paid for in ninety days; that although the
ninety days had elapsed, none of the bicycles had been so paid for, but that
certain specified ones had been returned; that possession of those not returned
had been demanded by the plaintiff and refused, and that the defendants had
"wrongfully and unlawfully converted said property to their own use."
*Held,* that the complaint stated a cause of action in tort for conversion;
That it was not necessary to allege, in order to state a cause of action for con-
version, that none of the bicycles had been sold; that such fact, if it existed,
constituted a defense to be set up by answer.

APPEAL by the plaintiff, The Thomas Manufacturing Company,
from an order of the Supreme Court, made at the Broome Special
Term and entered in the office of the clerk of the county of Broome
on the 7th day of February, 1898, denying the plaintiff's application
for judgment upon the defendants' default in answering.

*T. B. & L. H. Merchant*, for the appellant.

*Babcock, Sperry & Van Cleve*, for the respondent Symonds.

*Oscar F. Lane*, for the respondent Darling.

PARKER, P. J.:

If the complaint in this action can be properly construed as one
for conversion, the motion for judgment should have been granted,
and the order denying it must be reversed.

That pleading, in substance, avers that the defendants received
from the plaintiff bicycles under an agreement that the title to and
ownership of the same should remain in the plaintiff until they were

fully paid for, and that, in case the defendants sold any of them, the proceeds of the sale should be the absolute property of the plaintiff; that the value and price of each bicycle so received was also agreed upon at a certain amount stated in the complaint, and that each was to be paid for within ninety days from delivery. It was also further averred that none of the bicycles so received by the defendants had been paid for, although the ninety days had elapsed, but that certain specified ones had been returned to the plaintiff. It was also further averred that a demand for the possession of the bicycles so received by the defendants and not returned, had been made by the plaintiff and refused by the defendants, and that the defendants had "wrongfully and unlawfully converted said property to their own use," to the damage of the plaintiff in a certain amount specifically stated. The complaint closed with a prayer for judgment for the amount so specified as the damage which plaintiff had suffered by such conversion.

At the Special Term the court held that the complaint stated an action on contract only, upon which no application for judgment was necessary, and, therefore, denied the motion. The argument to sustain this conclusion was, that under the agreement the defendants had the right to sell the bicycles; that if they had sold them their failure to surrender them on demand would not be a conversion, and that, therefore, the allegation that the defendants had converted the bicycles to their own use was not sustained by the facts elsewhere alleged.

It is true that the defendants were authorized to sell the bicycles, and it is also true that they might have been held liable on a promise to pay the agreed price for the same. But, nevertheless, it is clear that the plaintiff's attorneys intended that the complaint should be one for a conversion merely. It distinctly avers that the bicycles were delivered into the possession of the defendants, and nothing is therein alleged from which it can be inferred that they had been sold by them. If as a matter of fact they had been sold, the defendants might have set it up as a defense to the claim that they had converted them. In that event the bicycles would not have been unlawfully detained. But upon the complaint itself no presumption arises that they were not still in the defendants' possession. The terms under which defendants received that possession required

them to pay for the bicycles in ninety days after receipt of same. That payment they have neglected to make. Until paid for, each bicycle was at all times the property of the plaintiff, and there was clearly nothing in the agreement authorizing the defendants to retain them from the plaintiff after that period had expired. In my judgment the complaint avers facts from which a clear conversion appears, and the plaintiff's right to judgment should not have been denied upon the possibility that another fact existed which defendants might have set up by way of a defense.

The order should be reversed, with ten dollars costs and disbursements, and the motion for judgment granted.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion for judgment granted, with ten dollars costs.