(28 Misc. Rep. 567.)

### HERRMANN FURNITURE & PLUMBERS' CABINET WORKS v. HYMAN.

(Supreme Court, Appellate Term. July 26, 1899.)

TROVER AND CONVERSION—RIGHT OF ACTION.

> Goods were sold on credit, and the buyer was given the right to sell them, for his own account, to whomsoever he pleased, and at whatever figure he could obtain. The sole condition, in the event of sale, was that thereupon the agreed price should be paid the original seller. *Held*, that failure of the buyer to account for the proceeds of the sales, after a demand for the goods, but not for the proceeds, does not make him liable for a conversion of the goods.

Appeal from municipal court, borough of Manhattan, Second district.

Action by the Herrmann Furniture & Plumbers' Cabinet Works against Isaac Hyman. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Robert L. Turk, for appellant.

Abraham H. Sarasohn, for respondent.

LEVENTRITT, J. The plaintiff has appealed from a judgment dismissing its complaint in an action for conversion. The ruling of the court was made at the close of the plaintiff's case. Only one witness—the plaintiff's credit man—was called, and his testimony established the following facts: The defendant desired certain furniture on credit. The plaintiff refused to sell on those terms, but consented to consign the articles on the express understanding that title was to remain in it, and that the defendant would immediately after each sale pay the agreed price mentioned in the memorandum. Upon cross-examination the witness admitted that the defendant had the right to sell the goods, for his own account, to whomever he pleased, and at whatever figure he could obtain. The sole condition in the event of sale was that thereupon the agreed price should be paid to the plaintiff. After the defendant had sold the goods in suit, and had failed to remit the proceeds therefor, the plaintiff, with full knowledge of the sale, made a demand for the goods, but not for the money to which it was entitled, and upon the refusal brought this suit for conversion of the goods. The action will not lie. Failure to account for the proceeds of the sales made the defendant liable in

an action on contract, but did not make him guilty of a conversion. Laverty v. Snethen, 68 N. Y. 522; Greentree v. Rosenstock, 61 N. Y. 583; Wright v. Duffie, 23 Misc. Rep. 338, 51 N. Y. Supp. 255. In Greentree v. Rosenstock the court says: "It is not legally true that a commission merchant who has sold goods and received the price does, by retaining the price, convert it to his own use, so as to make him liable in action of trover." And to the same effect is Walter v. Bennett, 16 N. Y. 250. The case of Wright v. Duffie, supra, recently decided by this court, is closely analogous to the one at bar. There the defendant was under an arrangement with the plaintiffs by which he received from them certain goods, which he was authorized to sell for their account to customers of his own finding, and with authority also to collect the proceeds of the sale. It was sought to charge him in conversion for his failure to remit the proceeds, but the court, Beekman, P. J., writing, held that the action could not be maintained. In the case under review it is undisputed that the plaintiff was authorized to sell in the particular manner adopted by him. The demand for the return of the furniture after it had been sold in accordance with the contract between the parties was without effect in law. The plaintiff can sue in contract, but trover for misappropriation of proceeds is not the proper remedy. 26 Am. & Eng. Enc. Law, 738. Manufacturing Co. v. Symonds, 27 App. Div. 316, 50 N. Y. Supp. 695, relied on by the appellant, is not in point. In that case the defendants were bound to return the consigned property at the end of 90 days, if unsold. This they failed to do. No presumption arose from the complaint that the property was not, at the time of the alleged conversion, still in the defendant's possession. "If, as a matter of fact, they had been sold," the opinion reads, the defendants "might have set it up as a defense to the claim that they had converted them." This sentence alone is destructive of the appellant's contention. On its own proof it established that the defendant had sold, prior to the alleged conversion, that which he had right to sell, and thus it interposed a valid defense to its cause of action. The judgment should be affirmed.

Judgment affirmed, with costs to the respondent. All concur.