## ANKER v. SMITH.

### (Supreme Court, Appellate Term.  March 24, 1904.)

1. ORDER OF ARREST—MOTION TO VACATE—APPEAL.
   Where defendant did not appeal from an order denying his motion to vacate an order of arrest, whether the affidavit on which the order was founded was sufficient could not be reviewed on appeal from the judgment.

2. CONVERSION—DELIVERY OF PROPERTY FOR SALE.
   Where plaintiff delivered property to defendant, to be sold by him, plaintiff reserving the title until the property was sold, and, in an action against defendant for conversion, he did not allege as a defense that he had sold the property unaccounted for, it would be presumed that he did not sell it, but concealed it with a view to appropriating it to his own use.

3. SAME—REFUSAL TO DELIVER—DEMAND.
   Where plaintiff delivered property to defendant for sale, reserving title to the same until sold, defendant's refusal to redeliver to plaintiff the goods unsold, on demand, amounted to conversion.

4. EVIDENCE—PRESUMPTIONS—FAILURE OF DEFENDANT TO TESTIFY.

Where, in an action for conversion, defendant was sworn, but did not testify, all presumptions must be taken most strongly against him.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by William Anker against Hyman Smith. From a judgment of the Municipal Court of the city of New York in favor of plaintiff, defendant appeals. Affirmed.

See 85 N. Y. Supp. 1062.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Charles S. Rosenthal, for appellant.

Aaronstamm & Chorosh, for respondent.

SCOTT, J. The defendant does not appeal from the order denying his motion to vacate the order of arrest, and it is therefore unnecessary to consider whether the affidavit upon which the order was founded was sufficient. The plaintiff delivered his goods to defendant for sale. The title did not pass, and the plaintiff had a right to retake possession of the goods whenever he saw fit. Of course, as to any goods which the defendant actually sold, the plaintiff could not sue as for a conversion, and it would have been a complete answer to this action if the defendant had shown that he had sold them. This he did not undertake to do, and the presumption is that he did not sell them, but moved them out of his store and concealed them with a view to appropriating them to his own use. This he had no right to do, and his refusal to redeliver the unsold goods to plaintiff on demand amounted to a conversion of them. As the goods had disappeared, the proof of value offered by plaintiff was the best that, under the circumstances, could be furnished, and was sufficient. The plaintiff certainly made out a prima facie case. The defendant was sworn, but did not testify. All the presumptions must therefore be taken most strongly against him.

Judgment affirmed, with costs. All concur.