(91 Misc. Rep. 33)

STERN v. SYDNEY.

(Supreme Court, Appellate Term, First Department. June 23, 1915.)

1. TROVER AND CONVERSION ⬤═➤40—EVIDENCE—SUFFICIENCY.

In an action for the conversion of a piece of jewelry, evidence that it was delivered to defendant on consignment to be sold by him, title to remain in plaintiff until sold and to be returned on demand, and that demand was made, but was refused, constituted a prima facie case of conversion.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 232–244; Dec. Dig. ⬤═➤40.]

2. TROVER AND CONVERSION ⬤═➤35—NEGATIVING DEFENSES—EVIDENCE.

In a suit for the conversion of a piece of jewelry delivered to defendant on a consignment contract providing that title was to remain in plaintiff until sold and to be returned to him on demand, plaintiff need not negative by proof the defense that defendant had sold the jewelry before demand had been made.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 215, 216; Dec. Dig. ⬤═➤35.]

Appeal from City Court of New York, Trial Term.

Action by Louis Stern, doing business as L. Stern & Co., against Morris J. Sydney. From a judgment dismissing plaintiff's complaint, he appeals. Reversed and remanded.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Samuel Blumberg, of New York City, for appellant.
Isidor Cohn, of New York City, for respondent.

PAGE, J. The plaintiff sues in conversion for failure of the defendant to return to him a diamond lavaliere valued at $874 after demand. It was shown that the lavaliere was delivered to the defendant on consignment to be sold by him, title to remain in the plaintiff until sold, and to be returned to the plaintiff on demand. The demand was proved, and the refusal of the defendant to give it up on the ground that "he was not through with it." The plaintiff testified that he personally demanded a return of the property several times, and the defendant never returned it. The defendant's motion to dismiss the complaint on the ground that the evidence showed "that the defendant was at liberty to dispose of the article as he wished," and "all plaintiff was interested in was to receive $874," was granted at the close of the plaintiff's case.

[1, 2] I am of the opinion that this was error. It is true that under the terms of the contract whereby the goods were delivered to the defendant he was at liberty to sell them for any price he chose and to whomsoever he wished, so long as he returned $874 to the plaintiff,

and had the defendant sold the lavaliere before it was demanded of him by the plaintiff he would not be liable in conversion, but merely answerable for the sum of $874 under his contract. Herrman Furniture Works v. Hyman, 28 Misc. Rep. 567, 59 N. Y. Supp. 526. But there is no evidence in the record to show that the defendant had sold the goods before the demand was made to return them. This is a matter of defense, which it was not necessary for the plaintiff to negative by proof to the contrary. Thomas Mfg. Co. v. Symonds, 27 App. Div. 316, 50 N. Y. Supp. 695; Anker v. Smith, 87 N. Y. Supp. 479. The plaintiff made out a prima facie case of conversion, and the complaint should not have been dismissed.

The judgment is reversed, and a new trial granted, with costs to appellant to abide the event. All concur.