**(72 App. Div. 217.)**

### JACKSON v. MOORE.

**(Supreme Court, Appellate Division, Third Department. May 7, 1902.)**

**1. ATTORNEYS—COLLECTION OF MONEY—CONVERSION.**
> An attorney who collects money for a client, and deposits the same to his credit, and fails to pay it over on demand, is not liable for conversion.

**2. SAME—ACTION—RECOVERY.**
> Where an attorney collects money belonging jointly to several persons, one may not sue alone and recover his share; an accounting and adjustment to determine plaintiff's share being necessary.

Appeal from trial term.

Action by Suzette Jackson against Dewitt C. Moore. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Dewitt C. Moore, in pro. per.
Clark L. Jordan, for respondent.

PARKER, P. J. The plaintiff, in her complaint, claims that the defendant, as an attorney and counselor at law, upon her retainer, on June 1, 1899, collected and received from one Keck $260.80,

which were moneys then owing from Keck to her, and which then belonged to her. She further avers that, immediately upon the receipt of said moneys by the defendant, she was entitled to the immediate possession thereof from him; that thereafter, and before the commencement of this action, she "demanded the said moneys" from the defendant, and had repeatedly demanded and requested him to pay "the same" over to her, but that he had neglected and refused to do so, and had wrongfully and unlawfully converted the same to his own use, to her damage in the sum of $260.80. Wherefore she demands judgment against him for that sum, and interest since June 1, 1899. In his answer, the defendant, after a general denial, among other things, substantially sets forth that he collected from Keck, on the retainer of the plaintiff and her two brothers, George and Paul, certain moneys owing and belonging to them jointly, and that said George and Paul were jointly interested with the plaintiff in any moneys that he had collected from Keck for the plaintiff, and therefore that they were necessary parties to this action. He also set up a lien upon such moneys for his services, and many facts tending to show the value of such services. On the trial it appeared that the defendant collected from Keck, as the attorney for the plaintiff and her said brothers, the sum of $521.60, which, as the plaintiff testified, belonged to herself and brothers in equal shares. Also, as she claimed and testified, that the defendant had been retained as her attorney under the express agreement that he would not charge her anything for his services, and that her joining with her brothers in proceedings to collect from Keck should not cost her anything. The trial court left to the jury the single question whether the defendant's agreement was such as she claimed it to be, and instructed them that, if that were so, she was entitled to recover from the defendant one-third of such sum of $521.60, and interest on such one-third since August 9, 1899. The jury rendered a verdict for the plaintiff in the sum of $196.81, and from the judgment rendered on such verdict, and from an order denying a new trial on the minutes, this appeal is taken.

Although the cause of action which the plaintiff set forth in her complaint is one based upon a tort entirely, viz., a clear claim that the defendant had converted to his own use certain specific moneys received by him from Keck for her, and which she claims has damaged her to the amount of $260.80, she has been allowed to recover, as upon an accounting, for such share of a fund that the defendant collected for herself and brothers as she upon this trial testified to be hers. This was a clear error. Such a recovery is based upon an entirely different liability from that set forth in the complaint. When an attorney collects a debt due to his client, he does not convert the money received by placing it in bank to his own credit, and mixing it with his own funds. The money so received is not the client's property, and the attorney's obligation regarding the same is one resting on contract merely,—to account for it, and pay over such sum as, upon an accounting, shall be found to be due from him thereon. And even if he neglects to so account and pay after a demand made, he is not liable in trover, as for a conversion

of such amount. Walter v. Bennett, 16 N. Y. 250. Therefore, upon the facts as stated in the complaint, an action of trover could not be sustained against the defendant.

But upon the facts as appearing upon the trial the plaintiff has fallen still further short of establishing her cause of action. The sum which the defendant received from Keck was clearly not her moneys, nor was any part of them hers. He received them on the joint debt of all, and was liable to account to all for them. Clearly he did not convert her property by depositing such sum to his own credit, nor by not undertaking to distribute the same as she claimed to be right. A liability had arisen to the three jointly to account to them for such sum of $521.60, and to distribute that amount among the three, as their respective shares should appear to warrant, after satisfying his lien for his services. The remedy of either of the three, if he refused to act, or if their respective shares could not be agreed upon, was not an action of trover for the amount which such one claimed to be his or hers, but an action for an accounting, in which each of the three was a party, so that the respective shares of each could be fully and finally adjusted. In this action a partial distribution of that fund has been made, on the theory that the plaintiff owned one-third of the whole, free from any charges for the defendant's services. But such judgment is not at all effective against the brothers George and Paul, or against either of them. Suppose that George should now claim that his share was more than one-third, or suppose that both George and Paul should claim that the lien for the defendant's services attached to the plaintiff's share, as well as against theirs, and demand from the defendant payment upon that basis. Evidently this judgment would not be available to the defendant to justify his paying to the plaintiff the amount which it awards to her. Therefore not only was the plaintiff not justified, under the evidence given in this case, in recovering a judgment against the defendant for having converted $196.81 of her money, but she was not entitled to a judgment as in an accounting awarding to her such amount, as her share of the fund in his hands for distribution. Therefore such judgment is clearly erroneous.

If it be claimed that the complaint should not be construed as one for conversion, but as one to recover $260.80 held by the defendant to the plaintiff's use, nevertheless the conclusion is not changed. There has been a total failure of proof to sustain the facts upon which such a construction must stand. An entirely different set of facts have been shown, from which it appears that the defendant's liability is to the plaintiff and others jointly, and that, instead of the money received by the defendant being hers, or held to her use, it requires an accounting and an adjustment of the rights of others to determine what her share really is.

In any aspect of the case, the judgment is erroneous, and must be reversed.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur; SMITH and CHASE, JJ., in result.