JACKSON v. MOORE.

(Supreme Court, ·Appellate Division, Third Department.　May 11, 1904.)

1. CO-TENANCY—SALE OF PROPERTY—RIGHT TO PROCEEDS.
Where tenants in common in real property sold the same to one who agreed to pay certain incumbrances and sell the premises and return one-third of the proceeds to such co-tenants, they became tenants in common of one-third of the net proceeds of the sale as personal property.

2. SAME—QUANTITY OF INTEREST—PRESUMPTION.
In the absence of any evidence on the subject, the shares of several tenants in common are presumed to be equal.

3. SAME—ACTIONS—JOINDER OF PARTIES.
As a general rule, tenants in common of personal property must join in bringing actions, whether arising ex contractu or ex delicto.

4. SAME—RELEASE BY ONE TENANT—EFFECT ON OTHER TENANTS.
One tenant in common in personalty may settle for or release his interest in the common property, but cannot settle for or release the interest of his co-tenants.

5. SAME—RELEASE BY ONE TENANT—SUIT BY CO-TENANT.
Where one tenant in common has settled for his portion of the damages on account of the act of another with respect to the common property, before action therefor, his co-tenant may sue without joining him.

6. SAME—ESTOPPEL.
Where defendant had settled with plaintiff's co-tenants for their shares of the money received by him from another who had sold the common property, defendant could not object to plaintiff's suing alone for money concededly in his possession belonging to plaintiff.

7. CONVERSION—WHEN MAINTAINABLE—MONEY RECEIVED AS TRUSTEE.
After demand and refusal to pay, an action for conversion will lie against one who has received money in a fiduciary capacity.
Parker, P. J., dissenting.

Appeal from Trial Term, Fulton County.

Action by Suzette Jackson against Dewitt C. Moore.　From a judgment dismissing the complaint, plaintiff appeals.　Reversed.

See 76 N. Y. Supp. 164; 84 N. Y. Supp. 1131.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Jordan & Cassedy (Clark L. Jordan, of counsel), for appellant.
Dewitt C. Moore (Andrew J. Nellis, of counsel), for respondent.

CHASE, J.　The defendant is an attorney and counselor at law. This action has been twice tried.　The evidence now before us is materially different from the evidence presented to us on the former appeal.　Jackson v. Moore, 72 App. Div. 217, 76 N. Y. Supp. 164.　On November 10, 1896, the plaintiff and her two brothers, Paul and George, conveyed to one K. certain real property, and on the same day an agreement was entered into by and between K. of the first part and the plaintiff and her two brothers of the second part by which K. agreed to pay and discharge certain mortgages on said real property and certain costs, taxes, and expenses, and sell and dispose of said real property, and divide the net proceeds thereof "two-thirds thereof

¶ 3. See Tenancy in Common, vol. 45, Cent. Dig. § 144.

to the said party of the first part and one-third thereof to the said parties of the second part." K. subsequently sold said real property, and one-third of the net proceeds thereof was $812.82. K. claimed that he had been obliged to pay and discharge certain undisclosed liens on the share of plaintiff's brother Paul in said real property, which payments amounted to more than Paul's share in said net proceeds, and, a controversy having arisen with K., the plaintiff's brothers employed defendant to collect of K. the net proceeds of said real property pursuant to said agreement. Defendant and plaintiff's brother George called on the plaintiff, and asked her to join with her brothers to enforce collection of said net proceeds from K., and defendant said to plaintiff, "Now, then, if you will join with your two brothers, and give me authority to collect this of Mr. Keck, I will not charge you one cent for what I do for you." Defendant explained to plaintiff why he was willing to act for her without charge. Plaintiff then gave to the defendant a power of attorney to ask, demand, sue for, recover, and receive of K. any moneys due and owing to her from him by virtue of said agreement. Thereafter the defendant brought an action in the name of the plaintiff and her two brothers against K. for said one-third of said net proceeds, and K. brought an action against plaintiff and her two brothers for breach of warranty in the deed given by them to him. Subsequently both actions were discontinued, and the whole matter was settled by K. paying to the defendant $521.60, and releases previously executed by plaintiff and her brothers were delivered to K. The final payment was made by K. to the defendant in August, 1899. Plaintiff was not notified of the settlement. On December 2, 1899, in answer to a letter written by the plaintiff to the defendant, he wrote to her as follows:

"I do not wonder that you should become somewhat impatient at the delay which has attended the settlement of these cases, but you know the law's delay is proverbial and promptness is an exception to the general rule. I had expected before this to be able to call upon you and have matters adjusted, but I have been unable to do so and have neglected to write you. I will endeavor to have matters closed up as soon as possible in accordance with the wishes expressed in your letter."

When such letter was written the defendant had for about four months been in the possession of the plaintiff's share of said net proceeds. In February, 1900, plaintiff was informed by one other than the defendant that the defendant had collected her money. Plaintiff then went with her husband to the defendant, and her testimony in relation thereto is as follows:

"I asked him if it was true that Mr. Keck had paid him that money, and he said it was. * * * I asked him if he could pay me that money that afternoon. He said no, he could not. I asked him when he could pay it, and he said he would come out on Saturday. I asked him how much was due me, and he said about $260; that it had taken some of George's share—some money —to pay up Paul's indebtedness, so Paul had nothing in it; that he had given George more than belonged to him, so that all the money he had in his hands he held intact for me—about $260."

The defendant failed to keep this and other engagements with the plaintiff, and subsequently plaintiff employed her present attorneys, and, after some correspondence by them with the defendant, the defend-

ant, in an interview with one of such attorneys, asked how much the plaintiff claimed, and he was told "$260.80." Defendant said, "That is all right, but what about my fees?" Demand was then made on behalf of the plaintiff for the $260.80, and the defendant refused to pay it, and further said, "I cannot pay to-day, anyway." This action was then commenced.

By undisputed testimony it now appears that the defendant, under a power of attorney from the plaintiff, and acting for her and her two brothers, settled with K. on behalf of each of them. The evidence further shows that the defendant admitted to the plaintiff that her brothers had received their full share of the amount collected by him, and that he had in his hands $260.80 of the amount so collected, which amount was the share of the plaintiff. On such undisputed statement and undenied admissions the reasons mentioned in the former opinion of this court why the plaintiff should not be allowed to recover on the merits are answered and overcome.

The plaintiff and her brothers were tenants in common in the real property sold to K., and under the agreement they became tenants in common of one-third of the net proceeds thereof. Such net proceeds was personal property. In the absence of any evidence on the subject, the shares of several tenants in common are presumed to be equal. Am. & Eng. Ency. of Law, vol. 17, 651; Baumann v. Guion, 21 Misc. Rep. 120, 46 N. Y. Supp. 715. As a general rule, tenants in common of personal property must join in bringing actions, whether arising ex contractu or ex delicto. Hill v. Gibbs, 5 Hill, 56. One tenant in common can settle for or release his interest in such personal property, but he cannot settle for or release the interest of his co-tenants. If one tenant in common should settle for his portion of the damages before action, the other may sue without joining him. Gock v. Keneda, 29 Barb. 120. When the interests are separate, or have been severed, the tenants must sue separately. Ency. Pleading & Prac. vol. 11, 772. The record contains evidence which, undisputed, is sufficient to show that the plaintiff and her brothers were equally interested in said one-third of said net proceeds, and that they and the defendant have treated such proceeds as owned severally by the plaintiff and her brothers in equal shares, and that the defendant has paid and settled with the plaintiff's brothers for their shares, leaving the plaintiff's share in such proceeds separate from and independent of the shares of her brothers. When demand was made upon the defendant for payment to the plaintiff of the amount claimed by her, the only objection made by him, other than his inability to pay, was that the plaintiff should allow him something for his services in her behalf. If the defendant has paid and settled with the plaintiff's two brothers for their shares in the moneys received of K., he should not be allowed to object to the plaintiff's maintaining this action in her individual name for the amount concededly in his possession belonging to her. If there is a dispute as to whether the defendant is entitled to deduct anything from the amount remaining in his possession for services performed by him for the benefit of the plaintiff in the collection thereof, such question is one of fact to be determined on the trial.

There was a difference of opinion in this court on the former appeal as to whether the plaintiff, in any event, could recover of the defendant in an action for conversion. Since the decision on the last appeal the Court of Appeals in Britton v. Ferrin, 171 N. Y. 235, 63 N. E. 954, have held that after a demand and refusal to pay an action for conversion will lie against a person who has received money in a fiduciary capacity.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except PARKER, P. J., who dissents.