In re KLEIN.

(Supreme Court, Special Term, Monroe County.　November 26, 1906.)

1. ATTORNEY AND CLIENT—LIABILITY OF ATTORNEY TO CLIENT—PROCEEDINGS FOR ACCOUNTING.

Where an attorney retains his client's money, collected by the attorney for the client, claiming a lien thereon for his services, the Supreme Court has jurisdiction to determine the question as to the amount to which the attorney is entitled and to order payment of the balance summarily on application by the client.

2. SAME—PARTIES—WHO MAY MAKE APPLICATION—TRUSTEE IN BANKRUPTCY.

Where an attorney collected moneys for a corporation, and there had been no settlement or an accounting between him and the corporation when it made a general assignment, and no settlement was had with the assignee and thereafter the assignor went into bankruptcy, the trustee in bankruptcy was entitled to maintain an application in the Supreme Court to compel the attorney to pay over the moneys.

3. ACCOUNT STATED—ASSENT OF PARTIES.

An attorney, having collected moneys for a corporation, sent his check for a portion thereof to the assignee of the corporation under a general assignment, the check being sent after the commencement of bankruptcy proceedings against the corporation, and a few days thereafter an attorney for the assignee protested to the attorney in question that the assignee could not safely accept the check, and there was considerable conversation between the parties, but no agreement was made. *Held*, that such fact, together with the fact that the trustee did not return the check for several months, did not show an account stated or a settlement between the attorney and the assignee or trustee.

4. ATTORNEY AND CLIENT—LIABILITY TO CLIENT—ACCOUNTING.

Where an attorney collected moneys for the client and he thereafter went into bankruptcy, the attorney was justified in refusing the demand of the trustee in bankruptcy for payment to him by the attorney of all the moneys collected, as he had a right to refuse to pay until the amount of his compensation had been ascertained.

Application by Henry Klein, as trustee in bankruptcy of the Buedingen Manufacturing Company, to compel George V. Fleckenstein, an attorney at law, to pay over certain moneys collected by him as attorney for the bankrupt.　Order that the attorney pay over a certain sum, with interest.

Perkins & Havens, for petitioner.

Frederick W. Smith (John A. Barthite, of counsel), opposed.

CLARK, J.　In July, 1905, the petitioner, Henry Klein, as trustee in bankruptcy of the Buedingen Manufacturing Company, procured an order for George V. Fleckenstein to show cause at the Special Term appointed to be held at the courthouse in the city of Rochester on the 31st day of July, 1905, why he should not be compelled to pay over certain moneys collected by him as attorney for the Buedingen Manufacturing Company, for which corporation he had acted as attorney. On the return of said show cause order an order was made at such Special Term, referring the matter to the Honorable Frank Rice, of Canandaigua, N. Y., who was appointed referee for that purpose to take such evidence as might be adduced as to the amount and value of the services of the said George V. Fleckenstein, as attorney for the

Buedingen Manufacturing Company, and for William Marth, assignee of that company, and the amount of his lien as such attorney, if any, upon the sum of $5,448.74 received by him on the 17th day of May, 1905, and to report the evidence so taken to the court, with his opinion thereon, as to the amount and value of the said services and said attorney's lien, if any. In pursuance of that order various hearings were had before said referee, and a large amount of testimony was taken, and the matter now comes before the court for hearing and decision upon the report and opinion of said referee and the testimony taken before him, as well as the petition and affidavits filed in the said matter.

Counsel for said George V. Fleckenstein moves, upon the testimony, referee's report, petition, and affidavits, and upon all the proceedings herein, for a dismissal of these proceedings, with costs, upon the following grounds: First. That the said Fleckenstein had rendered services for which he had not been paid at the time of the institution of these proceedings, and for which he had a lien on the moneys mentioned in the petition. Second. That Fleckenstein had had a settlement prior to the commencement of the proceedings with Mr. Marth, the assignee of the Buedingen Manufacturing Company, and with Klein, as said trustee in bankruptcy, of the moneys received by him and referred to in the petition. Third. That the proceedings cannot be maintained because the relation of attorney and client had never existed between Fleckenstein and the petitioner, and because there was no proof that the rights of Marth, assignee and client of Fleckenstein, to the moneys mentioned in the petition have been transferred to the petitioner.

Mr. Fleckenstein had been the attorney for the Buedigen Manufacturing Company, and as such had rendered services to the said company, and had collected the moneys in question, but there had been no settlement or accounting between the attorney and the company when that corporation made a general assignment to William Marth, with whom subsequent dealings and correspondence were had by the attorney with reference to this matter, and subsequently, and before the institution of these proceedings, the Buedingen Manufacturing Company went into bankruptcy, and this petitioner, Henry Klein, was appointed trustee, and the rights of the said company to these funds in question came into the hands of this trustee in bankruptcy, and I cannot see any reason why these proceedings could not be maintained by the trustee of this bankrupt corporation as well as by the corporation itself, had no assignment ever been made, and had the corporation never been adjudged a bankrupt. An attorney and counselor at law is an officer of the court, and when he retains his client's money, claiming a lien thereon for his services, the Supreme Court clearly has jurisdiction to determine the whole question summarily on application to compel the payment of the moneys retained, and the proceedings, both in their inception, on the reference and the present application, are all regular, and are clearly within the power of this court to entertain. Matter of Application of Knapp, etc., 85 N. Y. 284; Matter of Gillespie v. Mulholland, 12 Misc. Rep. 40, 23 N. Y. Supp. 33; Bowling Green Savings Bank v. Todd, 52 N. Y. 489. I cannot agree with the learned

counsel for the attorney that there was an account stated, or a settlement between Mr. Fleckenstein and the assignee or the trustee. It is true that before the bankruptcy proceedings were completed, but after they had been instituted, Mr. Fleckenstein, after deducting from the funds certain charges, sent to the assignee a check for something over $2,400, to wit, $2,421.80, and the claim is made that because that check was retained several months that it became an account stated. I cannot agree with that contention, for it appears from the evidence that within a very few days after Mr. Fleckenstein had sent that check to the assignee, one of the attorneys who was then acting for the assignee in other matters, protested to Mr. Fleckenstein that the assignee could not safely accept the check, and there was some conversation between Mr. French, the attorney then representing the assignee, and Mr. Fleckenstein, looking toward the institution by Mr. Fleckenstein of a proceeding to determine the amount of his lien, if any. There was considerable conversation between Mr. French and Mr. Fleckenstein with reference to this matter, and no agreement was made. Mr. Fleckenstein insisted that, if any proceedings were instituted, the assignee was the party who should take the initial step, but Mr. French all the time insisted that the assignee could not safely adjust the matter by accepting the check Mr. Fleckenstein had sent him, and indicated a desire that the matter of the amount of the attorney's lien should be fixed by some judicial proceeding. The bankruptcy proceedings followed, but there was no agreement with reference to this matter, and the trustee in bankruptcy, when we consider the duties he was obliged to perform immediately following his qualifying as trustee, proceeded to take up the matter in question and return the check within a reasonable time, and exercised due and reasonable diligence in the matter. The minds of the parties never met with reference to this transaction, either at the time or subsequent to the sending of the check by Mr. Fleckenstein, and taking all the circumstances into account, the prompt conversation and objections by Mr. French, and the exacting business necessary in the bankruptcy proceedings, I do not think that the retaining of the check could be considered as an acceptance of it, and do not think that it could be considered as an account stated. I have no doubt that Mr. Klein, as trustee, succeeded to the assets of the Buedingen Manufacturing Company, which had been transferred by general assignment to Mr. Marth, and that the trustee in bankruptcy is clearly within his rights in instituting these proceedings. The learned and experienced referee, who heard the evidence in this matter and has made a very clear and exhaustive report, properly finds that Mr. Fleckenstein rendered valuable services to the Buedingen Manufacturing Company, and after listening to the evidence of all the witnesses, and after allowing the attorney what he considered upon that evidence fair compensation for the concededly valuable services that he rendered, the referee finds that there was still in the hands of the attorney $3,502.08. The referee's findings are based upon sufficient evidence, and I see no reason why the findings of the referee with reference to the amount due Mr. Fleckenstein, and the amount still remaining in his hands should not be adopted by the court, and they are adopted.

Counsel for Mr. Fleckenstein, at the close of the testimony, moved to have stricken out the evidence of Mr. Hubbell, given in answer to a question on page 194 of the minutes, commencing, "I wish you would tell the referee, in your opinion the fair value of all the legal services, * * *" etc., on the ground that the evidence was incompetent, immaterial, and irrelevant, because it is based upon premises not disclosed to the court; that it was based upon the conclusion of the witnesses as to what services were necessary, which conclusion was predicated upon facts, etc. Motion to strike out granted, with exception to the petitioner.

Counsel for Mr. Fleckenstein also moved to strike out the evidence of Mr. Hubbell, in answer to the question on page 195, commencing, "Assume that in the fore part of 1900," etc., and also moved to strike out the evidence of Mr. Bissell in answer to questions on pages 216 and 220 of the minutes, on the grounds therein stated. Each motion is denied. The evidence is allowed to stand with an exception to Mr. Smith to each ruling.

Counsel for Mr. Fleckenstein, in urging that these proceedings cannot be maintained, cites the case of Jackson v. Moore, 72 App. Div. 217, 76 N. Y. Supp. 164, but I hardly think that is an authority to sustain his contention. In that case the attorney had collected certain sums of money for the plaintiff and her two brothers, which belonged to herself and two brothers in equal shares. There never had been a division of the funds between the plaintiff and her two brothers, and the court held that the plaintiff alone could not maintain the action where the funds in the hands of the attorney belonged to those three parties and had never been divided; the court saying:

"The remedy of either of the three. if he refused to act, or if their respective shares could not be agreed upon, was not an action of trover, for the amount which each one claimed to be his or hers, before an action for an accounting, in which each of the three was a party, so that the respective shares of each could be fully and finally adjusted."

Moreover, that same case is further considered on a subsequent appeal, and is reported in 94 App. Div., at page 504, 87 N. Y. Supp. 1101, and reading the opinions of the court together it is very clear that that case cannot be considered an authority here, for the facts are not at all like the facts in the case at bar. In this matter there is no sort of question but that Mr. Fleckenstein rendered valuable services to the Buedingen Manufacturing Company in the collection of these moneys. It has been so found by the referee, and his findings are supported by ample evidence. He was entitled to a reasonable and fair compensation of such services. The petitioner by his demand sought to compel the attorney to pay over all of the moneys that he had received, less his disbursements; thus compelling the attorney to look to a bankrupt estate for compensation for the services he rendered in good faith. This would hardly be right, and would not be dealing justly with this attorney. Had the trustee demanded the money that the attorney had collected, after he had deducted a reasonable sum for his services and his disbursements, the situation would have been different, but when the entire sum was demanded, less disbursements, I think the attorney was well within his rights in refusing to pay it over until the amount

of his compensation had been ascertained, to the end that he might be paid for the services he concededly had rendered, and inasmuch as the whole amount was demanded of him, allowing him to retain nothing for his services, I can see nothing in his refusal to pay over the entire amount that should justly subject the attorney either to censure or criticism.   It seems to me that a fair disposition of this matter requires that the attorney should pay over to the petitioner, or to his attorney, within 10 days after service of a copy of the order, the sum of $3,502.08, with interest on $1,976.90 thereof, from the dates said moneys were deposited by him in banks or trust companies to the date of such payment to petitioner or his attorney, at the rate of 4 per cent. per annum, and with interest on $1,525.18 thereof from the date when the trustee made demand for payment of said moneys to the date when said payment shall be made to petitioner, or his attorney, at the rate of 6 per cent. per annum; it appearing that the attorney has drawn from the banks $1,525.18 of the amount found by the referee to be in his hands. But in view of the fact that the demand was made for the full amount collected by the attorney, regardless of his undoubted claim and lien for services, I think he was justified in refusing to pay over the sum demanded until his claim for services had been adjudicated, and therefore that the attorney should not be compelled to pay either the costs or disbursements of this proceeding.

Let an order be prepared and submitted accordingly.