HINKLE IRON COMPANY, Respondent, *v.* OTTO M. KOHN, Appellant.

First Department, July 11, 1918.

**Conversion — pleading — equitable assignment — assignment by municipal contractor of moneys to become due.**

A complaint, which alleges that a contracting corporation assigned to the plaintiff a specified sum out of a payment to become due under its contract with a city; that said assignment was withheld from record at the request of the defendant, the president of the corporation, and in reliance upon his promise that the amount specified would be paid to the plaintiff assignee, and that the corporation received said payment, the warrant for which was indorsed by the defendant and the money applied to the use of the corporation, does not state a cause of action in conversion but merely an action in contract for breach of the agreement between the plaintiff and the defendant.

Had the assignment been filed with the proper officials it would have operated as an equitable assignment to so much of the fund as was specified therein and an appropriation of that portion in the hands of the city to the payment of the plaintiff's debt, and if the city comptroller thereafter paid the money to the contractor he could have been compelled by mandamus to pay the amount to the plaintiff.

Conversion at law is an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another to the alteration of their condition or the exclusion of the owner's rights.

In order to maintain an action for conversion the plaintiff must show a legal ownership of the particular thing alleged to have been converted. The action cannot be predicated upon an equitable interest or a mere breach of contract obligation.

SMITH, J., dissented, with opinion.

APPEAL by the defendant, Otto M. Kohn, from an order of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of February, 1918, denying his motion for judgment on the pleadings consisting of an amended complaint and the demurrer thereto.

*C. Bertram Plante* of counsel [*Harry Edwards*, attorney], for the appellant.

*James W. McElhinney*, for the respondent.

PAGE, J.:

The amended complaint is framed on the theory of the conversion by the defendant of the sum of $2,000, a part of the eighth payment upon a contract between the Midtown Contracting Company, of which the defendant was president and treasurer, and the city of New York, for the erection of a school building. The said corporation assigned to the plaintiff the sum of $4,500 out of the eighth payment to become due under said contract, by a written assignment, a copy of which is annexed to and made a part of the complaint. This assignment was not filed in the office of the board of education or of the comptroller of the city of New York by reason of the request of the defendant and relying upon his promise that he would see that the amount so assigned would be paid to plaintiff as soon as said corporation received the said eighth payment. The corporation received the said eighth payment, amounting to more than $33,000. The warrant for such payment was received by the defendant personally and indorsed and deposited to the credit of the corporation in the Colonial Bank, and $2,500 only was paid to the plaintiff, and the remainder thereof was paid out by checks of the corporation signed by the defendant and applied to the use of the corporation and the defendant. The bankruptcy of the corporation is alleged, and that by the act of the defendant and of the said corporation in drawing and signing the said checks did wrongfully, fraudulently and unlawfully appropriate for their own use and benefit $2,000 of the said eighth payment, which in law and equity belonged to the plaintiff. Demand and failure to pay is alleged.

The complaint has been sustained as stating facts sufficient to constitute a cause of action in conversion.

Conversion at law is defined to be an unauthorized assumption and exercise of the right of ownership over goods, or personal chattels, belonging to another, to the alteration of their condition, or the exclusion of the owner's rights. (*Industrial & General Trust* v. *Tod*, 170 N. Y. 233, 245.) There was no conversion in the receiving of the warrant for the eighth payment and depositing the same in the bank to the credit of the Midtown Contracting Company, for under the facts alleged in the complaint the warrant was not the property

of the plaintiff, but of the Midtown Contracting Company. The agreement was to pay to plaintiff out of this payment. Therefore, it was contemplated that the warrant was to be collected by that company. When the warrant was paid, it of necessity was mingled with the money of the Midtown Contracting Company. Hence up to this point there was no unauthorized assumption and exercise of the right of ownership. Nor was there any title or right of ownership in this particular fund. When the assignment was made it was in a fund to become due. It dealt not with an existing thing, but with something which might or might not come into existence. If and when the eighth payment was earned and received, the plaintiff was to be paid, this gave the plaintiff no present legal title. Had the assignment been filed with the proper officials, it would have operated as an equitable assignment to so much of the fund as was specified in it, and an appropriation of so much of the fund, in the hands of the city, to the payment of the plaintiff's debt, and if the comptroller thereafter paid the money to the Midtown Contracting Company he could nevertheless have been compelled by mandamus to pay the amount to the plaintiff. (*People ex rel. Dannat* v. *Comptroller*, 77 N. Y. 45, 48.) But this was not done. The plaintiff agreed not to file it with the comptroller, relying upon the agreement of the defendant to pay the money out of the fund. There was, therefore, no appropriation of the fund *pro tanto*, in such a manner that the custodian of the fund was authorized to pay the amount to the creditor without the further intervention of the debtor. (*Trist* v. *Child*, 88 U. S. 441, 447.) The most that can be said is that the defendant promised to pay this money out of a particular fund and the sole right would be an action in contract for breach of the agreement. The defendant had the right, acting on behalf of the Midtown Contracting Company, to draw the entire fund from the city treasury and to deposit the entire fund to the credit of the company; the plaintiff's rights either legal or equitable were not violated thereby. The failure to pay it over was simply a breach of contract, and the plaintiff cannot, by changing the form of the action, change the nature of the defendant's obligation and convert into a tort that which the law deems a simple breach of an agreement. (*Walter* v.

*Bennett,* 16 N. Y. 250, 252.) It is elementary that to maintain an action for conversion the plaintiff must show a legal ownership to the particular thing alleged to have been converted. The action cannot be predicated upon an equitable interest or a mere breach of contract obligation. The complaint does not state a cause of action in conversion.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to the plaintiff to pay the said costs and serve an amended complaint if he is so advised, within ten days after service of a copy of the order herein with notice of entry thereof, and in default thereof judgment may be entered for the defendant dismissing the complaint, with costs.

CLARKE, P. J., LAUGHLIN and SHEARN, JJ., concurred; SMITH, J., dissented.

SMITH, J. (dissenting):

This is an appeal from an order of the Special Term which denied the defendant's motion upon the ground that the complaint stated a cause of action. The Midtown Contracting Company had a contract with the city. The plaintiff furnished some material for the performance of that contract and took an assignment of $4,500 from the eighth payment to become due from the city to the Midtown Contracting Company. That assignment was not recorded at the request of the defendant, who was the president of the Midtown Contracting Company and who, with his wife, owned 99 out of 100 shares of the stock of that company. The defendant, however, agreed that when the eighth payment was received $4,500 should be taken therefrom and paid to the plaintiff. The moneys were received by the defendant in behalf of the Midtown Contracting Company and $2,500 was thereafter paid to the plaintiff, leaving $2,000 remaining due. The defendant then misappropriated the other $2,000 and applied the same to the debts of the Midtown Contracting Company, which afterwards went into bankruptcy. This action is brought against the defendant upon the ground that he received this $4,000 of this eighth payment as trustee for the plaintiff, and when he diverted the funds to the debts of

the Midtown Contracting Company he was guilty of misappropriation and is personally liable therefor.

That this agreement vested the title of $4,500 of that eighth payment in the plaintiff would seem to be undoubted. The test seems to be whether the debtor would have been authorized to pay that money to the assignee. In this case there is no question that the payment to the assignee of $4,500 by the city would be a payment *pro tanto* of the city's debt to the Midtown Contracting Company. In fact, if the plaintiff had filed this assignment, the city would have been compelled to pay the moneys to the plaintiff. At the request, however, of this defendant and to relieve the Midtown Contracting Company of embarrassment from possible demands of other creditors for like security, this assignment was not filed and the plaintiff consented that the defendant might collect the full amount of the payment, holding the $4,500 for the plaintiff upon promise to deliver the same to the plaintiff when received. In *Britton* v. *Ferrin* (171 N. Y. 235) it is held that the relation between a commission agent or factor for the sale of goods and his principal is fiduciary, and that the funds received by the commission agent for the sale of goods belong to the principal, subject only to the lien of the agent for commissions and other advances and charges, and that for misappropriation of the same, or for failure to deliver the same upon demand, the principal might bring an action in tort against the agent. In the opinion it is said: " Where one intrusts his property to another for a particular purpose, it is received in a fiduciary capacity, and when turned into money that is also received in the same capacity. It does not belong to the agent, and he can lawfully exercise no power or authority over it except for the benefit of his principal, and only as authorized by him. If the agent uses it for his own purposes, or fails to pay it over upon a seasonable demand, it is a conversion of that which does not belong to him." (*Baker* v. *New York National Ex: Bank*, 100 N. Y. 31; *Commercial Nat. Bank of Penn.* v. *Heilbronner*, 108 id. 439, 444; *Moffatt* v. *Fulton*, 132 id. 507, 515.)

The agent was there held liable for conversion, notwithstanding he had a lien upon the goods and might deduct from the amount received such an amount as represented his

commissions or the advances he had made. In *Jackson* v. *Moore* (72 App. Div. 217) an attorney received moneys for three clients which was to be divided equally between them. Upon failure to deliver to one client her proportion of the funds, an action was brought by her in conversion. The Third Department held, following the case of *Walter* v. *Bennett*, (16 N. Y. 250), that an action in conversion would not lie, and that the attorney became a simple contract debtor to the client. Two of the judges concurred in the result. The case then went back for another trial at which trial the law as laid down by the Appellate Division was followed and the complaint was dismissed. Upon the second appeal to the Appellate Division of the Third Department the judgment for the defendant was reversed (94 App. Div. 504). It was stated in the opinion of Mr. Justice Chase that the evidence was materially different from that upon the first trial, but it appears in the opinion that it only differed in that the third of the collection due to the plaintiff had been definitely ascertained and at the end of the opinion Mr. Justice Chase says: " There was a difference of opinion in this court on the former appeal as to whether the plaintiff in any event could recover of the defendant in an action for conversion. Since the decision on the last appeal the Court of Appeals in *Britton* v. *Ferrin* (171 N. Y. 235) have held that, after a demand and refusal to pay, an action for conversion will lie against a person who has received money in a fiduciary capacity." The case went back for the third trial and judgment in conversion was recovered in favor for the plaintiff. That judgment was affirmed, without opinion (118 App. Div. 912), and was further affirmed in the Court of Appeals without opinion (193 N. Y. 667).

These authorities are, I think, conclusive upon this question. There can be no doubt that these moneys were received by the defendant in trust for the plaintiff. Misappropriation of the funds by the trustee renders him liable in conversion. There can be no question about the identification of the fund, as in the case of *Jackson* v. *Moore* the fund was received by the attorney for three clients and one of the clients was allowed to recover in conversion for misappropriation of her third. There is no rule of law or reason which would

make this defendant liable in conversion if the plaintiff had been the assignee of the full eighth payment and not liable where the plaintiff is the assignee of a definite part thereof. The breach of trust is the same and the remedies must be the same.

I recommend that the order be affirmed, with ten dollars costs and disbursements, with leave to the defendant to withdraw the demurrer and to answer the amended complaint on payment of costs in this court and at Special Term.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to amend complaint on payment of said costs.